55 CCPA

## Application of James L. JEZL, Habet M. Khelghatian and Louise D. Hague.

Patent Appeal No. 7943.

United States Court of Customs and Patent Appeals.

June 20, 1968.

---

Dos T. Hatfield, Washington, D. C., Donald R. Johnson and Roger V. N. Powelson, Philadelphia, Pa., for appellants.

Joseph Schimmel, Washington, D. C. (Jack E. Armore, Washington, D. C., of counsel), for the Commissioner of Patents.

Before RICH, Acting Chief Judge, and Judges SMITH, ALMOND, and KIRKPATRICK.[*]

KIRKPATRICK, Judge.

This appeal is from the decision of the Board of Appeals which affirmed the examiner's rejection of claims 1–3, 6–9, 11 and 12[1] as "unpatentable over the combination of Hague et al.[2] and Badische[3] under 35 U.S.C. § 103," as well as "for double patenting over Hague et al."

The invention relates to a three-component "Ziegler" catalyst composition consisting essentially of (1) amorphous titanium trichloride ($TiCl_3$), (2) an alkyl-aluminum dihalide ($AlRX_2$), and (3) methyl tetrahydrofuran (MTHF), as well as to a process of polymerizing certain 1-alkenes, such as propylene, with that catalyst. Appellant's specification provides the following background information:

> It is known that 1-alkenes may be polymerized in the presence of catalysts comprising a transition metal halide such as titanium chloride in combination with an aluminum alkyl or dialkyl aluminum halide such as triethyl aluminum or diethyl aluminum monochloride to form solid crystalline polymers having utility in the fabrication of molded articles, films, and fibers. However, it has not been found possible heretofore to use an alkyl aluminum dihalide as an active component of this type of catalyst system even though these dihalides are much less expensive than the alkyl aluminum compounds used thus far. Thus, Stuart and Khelghatian show in U.S. Patent 2,967,206 that alkyl aluminum dihalides in conjunction with titanium halides effect polymerization of propylene and higher 1-alkenes to *oily* polymers, but no *solid* polymers are disclosed therein as resulting from the use of this catalyst system.

> It is an object of this invention to provide a coordination catalyst system utilizing an alkyl aluminum dihalide as the organometallic component of the catalyst which will polymerize

[*] Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

[1] Appearing in application Serial No. 106,-487, filed May 1, 1961, and entitled "Novel Catalyst and Olefin Polymerization Therewith."

[2] U. S. Patent No. 3,129,209, issued April 14, 1964 on an application filed November 14, 1960. Two of the three inventors named in the instant application were named as inventors in the patent. Both are assigned to Sun Oil Co.

[3] British Patent Specification 809,717, published March 4, 1959.

propylene and higher 1-alkenes to *solid crystalline* polymers in commercially attractive yields. [Emphasis supplied.]

It appears from the examples set forth in the specification that the addition of MTHF to an amorphous TiCl₃-ethyl aluminum dichloride catalyst composition results in an increased yield and rate of production of solid crystalline polypropylene when compared to the yields and rates upon employment of amorphous TiCl₃-ethyl aluminum dichloride alone.[4]

Hague discloses a catalyst composition consisting of (1) amorphous TiCl₃, (2) an aluminum alkyl *sesquihalide*,[5] and (3) MTHF for use in polymerizing propylene. According to Hague, it was known in the art that "the combination of aluminum sesquihalides and transition metal chlorides will not polymerize propylene and higher alpha olefins to solid crystalline polymers." Hague discloses that Al₂R₃X₃ in combination with *amorphous*, not crystalline, TiCl₃ will produce *solid* polypropylene, but at such a *slow* rate as to be "commercially impracticable." It was further found that the amorphous TiCl₃ and Al₂R₃X₃ system may be complexed with tetrahydrofuran or MTHF to yield catalyst systems having commercially acceptable activities approaching those of systems employing the more expensive aluminum dialkyl monohalides.

Recognizing that Hague does not employ an alkyl aluminum dihalide *per se* as a part of her disclosed catalyst system, the examiner turned to Badische who also discloses three component "Ziegler" catalyst compositions for use in polymerizing various olefins. A halide of the metals of groups 4A, 5A and 6A of the periodic system, which may be TiCl₃ among many other things, is set forth as one component. The second is selected from a great many hydrocarbon compounds of metals of groups 2B or 3B of the periodic system, particularly:

\* \* \* There may be mentioned especially *aluminium alkyl sesquihalides, thus a mixture of monohalogen aluminium dialkyl and dihalogen aluminium monoalkyl,* the halogen preferably being chlorine, but also possibly being bromine or another halogen, *or also the individual compounds,* and also aluminium trialkyls, such as aluminium triethyl or aluminium tripropyl. *It is especially advantageous to use halogen-free alkyls in the polymerisation of propylene.* \* \* \*

[Emphasis supplied.]

Other than the above disclosure Badische does not suggest by way of example or otherwise that alkyl aluminum dihalide in and of itself may be a useful part of its contemplated "Ziegler" catalyst systems. The third component is a compound containing ether, nitrile or hydroxyl groups. While cyclic ethers are disclosed as "suitable" third components, no explicit mention is made of tetrahydrofuran or MTHF. Badische notes that the addition of the disclosed ethers results, "in many cases," in increased speed of polymerization, increased yields of polymer and higher molecular weights with a reduction in the amount of oily, low molecular weight polymer that is formed.

4. The specification states:
   Unlike the crystalline titanium trichloride from which it is derived, the predominantly amorphous titanium trichloride will catalyze the preparation of solid polymers of propylene and higher 1-alkenes when it is used in combination with an alkyl aluminum dihalide. However, the amount of solid polymer so prepared is exceedingly small, and such solid polymers can be obtained with such a system only when large, uneconomical amounts of the catalyst composition are used. It has been found, according to the present invention, that commercial polymerization rates may be obtained with the catalyst system containing an alkyl aluminum dihalide and predominantly amorphous titanium trichloride by complexing this system with methyl tetrahydrofuran.

5. The record shows that aluminum alkyl sesquihalide (Al₂R₃X₃) is composed of equimolar proportions of dialkyl aluminum monohalide (AlR₂X) and alkyl aluminum dihalide (AlRX₂).

Said the examiner:

* * * Hague discloses all the essential limitations of Claim 1, a typical claim, except for the $AlRX_2$ organometal * * *. Since Badische suggests that $AlRX_2$ [alkyl aluminum dihalide] and $Al_2R_3X_3$ [aluminum sesquihalide] are equivalent organometallics in Ziegler-type catalysts, it would be obvious to substitute the $AlRX_2$ of Badische for the $Al_2R_3X_3$ of Hague. * * *

The board, observing that "alkyl aluminum dihalide is one of the components (along with monohalogen aluminum dialkyl) of alkyl aluminum sesquihalide," agreed.

The thrust of appellants' argument here is that the board erred in failing to consider the prior art *as a whole*, including several references cited by them in their specification and by the examiner during prosecution. Those references, in appellants' view, establish beyond peradventure that $Al_2R_3X_3$ and $AlRX_2$ are *not* equivalent because they do not behave in the same manner or give the same results in comparable circumstances.

Initially, we would observe that mere inclusion of several compounds in a list of compounds, as Badische does here, does not necessarily establish that each of those compounds is "equivalent" to the others for all purposes, even assuming, as appellants here appear to do, that "equivalency" is a proper criterion for establishing obviousness under 35 U.S.C. § 103. Cf. In re Scott, 323 F.2d 1016, 51 CCPA 747 (1963). Indeed, the references[6] relied on by appellants tend to bear out that conclusion and lend force to their arguments here. In view of those references, appellants conclude:

If the whole prior art be considered, one skilled in the art would be led to believe that the improvement in rate of polymerization by the addition of methyl tetrahydrofuran to the Hague et al. titanium trichloride-ethyl aluminum sesquichloride catalyst system is due *solely to the activation of the diethyl aluminum chloride component* of the sesquichloride by the methyl tetrahydrofuran, since such activation of a titanium trichloride-diethyl aluminum chloride catalyst by various ethers is shown in Belgian Patent 564,722 * * *.[7] The man skilled

---

6. German Auslegeschrift 1,058,734 discloses that "only a low rate of polymerization is obtained" with the use of a combination of $Al_2R_3X_3$ and $TiCl_3$ in polymerizing propylene. The low rate is said to be "due to the presence of monoethyl aluminum dichloride that inhibits the progress of polymerization."

In a disclosure somewhat similar to Badische, Belgian Patent 564,772 describes three-component catalyst systems for polymerizing olefins, such as propylene. The catalyst consists of $TiCl_3$, diethyl aluminum *mono*chloride and an ether such as tetrahydrofuran. The function of the ether in that specific catalyst is to *increase* the rate of *polymerization* and, in the case of propylene, to *increase* the degree of polymerization. In initially manufacturing the $TiCl_3$ portion of the catalyst systems, Belgian reduces $TiCl_4$ with aluminum ethyl sesquichloride, taking great care to wash the resultant $TiCl_3$ entirely free of any ethyl aluminum dichloride prior to its use with diethyl aluminum monochloride and the ether in polymerizing propylene. Ap-

pellants view the pointed efforts of Belgian to exclude the dichloride from its catalyst system even in the presence of such ethers as tetrahydrofuran as teaching "directly away" from their invention.

Appellants also rely on U. S. patent 2,967,206 to Stuart, mentioned in their specification, and U. S. patent 2,969,345 to Coover, both of which disclose that attempts to polymerize propylene with $TiCl_3$ and ethyl aluminum dichloride as a catalyst yielded only low molecular weight, liquid polymers. Appellants state:

* * * Since the combination of titanium trichloride and ethyl aluminum sesquichloride acts as a catalyst to polymerize propylene to a solid polymer, albeit a poor one * * *, it is submitted that by no stretch of the imagination can it be said that the prior art demonstrates that ethyl aluminum dichloride is the equivalent of ethyl aluminum sesquichloride. * * *

7. The solicitor's position is that "the clear implication to the art from the Hague et

in the art would not be led to believe that addition of methyl tetrahydrofuran to the inactive titanium trichloride-ethyl aluminum dichloride system would be of any value whatever, since even if the rate of polymerization of propylene to solid polymers were to be multiplied many fold, it would still be zero. [Emphasis supplied.]

We think that is a fair summary of the situation reflected in the references before us, and that the board did err in not treating those references as part of the "scope and content" of the prior art. See Graham v. John Deere Co., 383 U.S. 1, 17, 86 S.Ct. 684, 15 L.Ed.2d 545. We must agree with appellants that the totality of the prior art in the record demonstrates that one of ordinary skill in the art would regard alkyl aluminum dihalide to be a less than desirable component of the catalyst system when solid, crystalline polypropylene is the product sought to be produced. In our view, Hague and Badische considered alone or in combination would not fairly suggest to one of ordinary skill that MTHF would transform $AlRX_2$-$TiCl_3$ into a catalyst valuable for producing crystalline polypropylene when $AlRX_2$-$TiCl_3$ *per se* was otherwise valueless for that purpose. Appellants' discovery is, we think, non-obvious and comports with the conditions for patentability set forth in 35 U.S.C. § 103. Compare In re Naylor, 369 F.2d 765, 54 CCPA 902 (1967).

The view we take renders it unnecessary to consider at length the double patenting rejection advanced by the board. That rejection—one of "double patenting of the obvious type"—presents the same basic question as the § 103 rejection, but in narrower aspect. See In re Land, 368 F.2d 866, 54 CCPA 806 (1966); In re Bowers, 359 F.2d 886, 53 CCPA 1590 (1966).

al disclosure is that the methyl tetrahydrofuran activates the monoalkyl aluminum dihalide component of the sesquihalide rather than the dialkyl aluminum monohalide thereof." We cannot agree in face of Belgian's disclosure that ethers

For reasons similar to those advanced above, we find the subject matter of appellants' claims to be unobvious in view of the subject matter of the Hague claims.

The decision of the board is reversed. Reversed.

(including tetrahydrofuran) will further "activate" an already active $TiCl_3$-$AlR_2X$ catalyst to produce increased yields of high molecular weight polypropylene at increased rates.